UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INDYMAC BANK, FSB. )<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>BOGDAN GANESCU, et al., )<br>)<br>        Defendant. ) | No. 08 C 272<br>Judge Moran |

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS MORTGAGE FORECLOSURE CASE**

**Introduction**

The United States moves to dismiss the Indymac Bank, FSB's ("Indymac") case commenced by its "Complaint to Foreclose Mortgage." Because the case seeks the termination of the United States' forfeiture claim against property that is the subject of a pending criminal forfeiture, the foreclosure case is barred by 21 U.S.C. § 853(k)(2).

**Background**

On December 10, 2007, Indymac commenced this case by filing a complaint for the foreclosure of its mortgage against the real property, commonly known as 2234 South Goebbert Road, Unit 419, Arlington Heights, Illinois (the "Arlington Heights Property"). (Cook County Circuit Court Docket[1] - Ex. "A," and Complaint, ¶¶ 5 and 10). Bogdan Ganescu was made a defendant as the titleholder and Indymac's mortgagor of the Arlington Heights Property. (Complaint, ¶¶ 1, 5).

In addition, Indymac's complaint joined the United States as a defendant, seeking to terminate the federal government's interest. That interest was as:

---

[1] A copy of the Circuit Court of Cook County's docket is attached as Exhibit "A."

11. That the following person(s) and/or entities may have an interest in the real estate being foreclosed herein and whose equitable right to redeem or interest is sought to be barred:

UNITED STATES OF AMERICA, UNDER CASE NUMBER 04 GJ 1008, (Complaint at ¶ 11).

On February 2, 2007, the United States filed a *Lis Pendens* notice with the Cook County Recorder of Deeds. (See Exhibit "B"). In the *Lis Pendens* notice, the Government provided public notice of it's criminal forfeiture claim made against the Arlington Heights Property.

On March 8 and June 28, 2007, the Government made criminal forfeiture allegations against the Arlington Heights Property in the "Indictment" and "Superseding Indictment," respectively, filed in the case, *United States v. Bogdan Ganescu, et. al*, 06 CR 923 (the "Criminal Case"). (See Exhibits "C" at 18 and "D" at 26). Almost six months after the criminal forfeiture allegations were made in the "Superseding Indictment," Indymac commenced this foreclosure case. On January 11, 2008, less than thirty days after being served with Indymac's complaint, the United States removed this foreclosure case from the Circuit Court of Cook County, Illinois.

**Argument**

*Standard for Motions Under Federal Rule 12(b)(1)*

In ruling on a motion to dismiss under Rule 12(b)(1), Fed. Rules Civ. Proc., "(T)he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). Such evidence on the issue of jurisdiction can be supplied by the court taking judicial notice of publicly recorded documents. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir.1997). The *Lis Pendens* notice, the Criminal Case's indictments, and the District Court's and

Cook County Circuit Court's dockets are publicly recorded documents to which judicial notice of the Government's criminal forfeiture and foreclosure claims can be taken. *Id.*

Indymac's *Foreclosure Case is Barred By 21 U.S.C. § 853(k)(2).*

Indymac's case seeks the termination of the United States' interest in the Arlington Heights Property. (Complaint at ¶ 11). Such relief is barred by 21 U.S.C. § 853(k)(2), which provides that,

> Except as provided in subsection (n) of this section, no party claiming an interest in property subject to forfeiture under this section may--
> (1) * * *
> (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k)(2).

Section 853(k)(2) falls within the statutory scheme of § 853 to preserve the exclusivity of the court's process of adjudicating third party interests in forfeitable property. Once an indictment, containing forfeiture allegations against property is filed, § 853(k)(2) has been consistently applied to bar a subsequent case brought by a third party to establish their claims in the property. *United States v. De Ortiz*, 910 F.2d 376 (7th. Cir. 1990); *Roberts v. United States*, 141 F.3d. 1468 (11th Cir. 1998); *JP Morgan Chase v. Khalil*, 2006 WL 87599 (N.D. Ill. 2006).

In both *De Ortiz* and *Roberts*, after the filing of indictments containing criminal forfeiture allegations, third party claimants filed proceedings seeking to establish the priority of their claim to the forfeitable property. Because each of the claimants' actions were filed after the indictment of the forfeitable property, both the Seventh and Eleventh Circuit Courts, relying upon 21 U.S.C. § 853(k)(2), affirmed the dismissal of the third party's cases. *De Ortiz* and *Roberts, Supra.* (See also, *United States v. Security Marine Credit Corporation*, 767 F. Supp. 260 (S.D. Fla. 1991) and

*In re Smouha*, 136 B.R. 921 (S.D. N.Y. 1992)).  Thus, § 853(k)(2) has been consistently construed as part of the statutory scheme requiring third party challenges to the Government's pending criminal forfeiture claims to be presented only in the forfeiture proceeding.

The fact that the third party's claim was a mortgage foreclosure has not altered the courts' applications of § 853(k)(2).  A mortgagee's foreclosure of property subject to a pending criminal forfeiture has been consistently barred by § 853(k)(2).  *Khalil,* supra*,* (Judge Guzman)*; Bank One, N.A. v. Everly,* 2002 WL 31056716  (N.D. Ill. Sept.13, 2002) (Judge Darrah); *Bank of New York v. Rogers*, 02 C 5045, USDC, ND IL (Judge Guzman);  *Liberty Federal Bank v. JCJ Ventures, Inc.*, 00 C 6419, United States District Court, Northern District of Illinois (Judge Conlon).

Because Indymac's foreclosure case was filed after the Government's indictment, containing forfeiture allegations against the Arlington Heights Property, § 853(k)(2) bars the foreclosure case. On March 8, 2007, the Government made criminal forfeiture allegations against the Arlington Heights Property in the Indictment, filed in the Criminal Case.  (See Exhibits "B" at 18).  On June 28, 2007, the Government reasserted those criminal forfeiture allegations in the Superseding Indictment in the Criminal Case.  (See Exhibits "C" at 26). Almost six months after the criminal forfeiture allegations were made, Indymac filed this foreclosure case. (Cook County Circuit Court Docket - Ex "A").  Accordingly, the dismissal of Indymac's foreclosure case is required by § 853(k)(2).

Indymac can resolve its claim against the Arlington Heights Property within the framework of the Criminal Case.   Under § 853(n), Indymac may petition the court in the Criminal Case to assert its mortgage claim and challenge the validity of the Government's interest.

**Conclusion**

For the foregoing reasons, Indymac's foreclosure case should be dismissed.

                    PATRICK J. FITZGERALD
                    United States Attorney

                    /s/ Joel Nathan
                    JOEL NATHAN (ARDC 2019566)
                    Assistant United States Attorney
                    219 South Dearborn Street
                    Chicago, Illinois 60604
                    (312) 353-8449